PHILIP OBER, Plaintiff, v. METROPOLITAN LIFE INSURANCE COMPANY, Defendant.*

City Court of New York, Bronx County, April 23, 1935.

*Milton S. Marks*, for the plaintiff.

*Leonard M. Gardner*, for the defendant.

DONNELLY, J. This is a motion for an order, after reargument of the motion to dismiss the complaint herein, granting judgment to the plaintiff in the sum of $1,984. The ground upon which the motion is based is that the action is not on the terms of the lease, but by reason of the granting of the lease by defendant in bad faith

The essence of the complaint is that prior to the time it entered into the lease with plaintiff defendant knew or should reasonably have known that the use of the premises for a cleaning and tailoring shop was in direct violation of the zoning laws, and that, in spite of the knowledge defendant had or should have had of the restricted use of the district in which the leased premises are located, it willfully induced plaintiff to enter into the lease in question.

The lease was executed October 15, 1932. Plaintiff testified that prior to the execution of the lease he knew that there was a cleaning and dyeing shop in the premises in 1927; that in a walk around the

---

* Affd., App. Term, First Dept., without opinion, N. Y. L. J. Oct. 22, 1935, p. 1412.

neighborhood he saw that the store was to let; that he called upon defendant's agent and asked him if he could have this place for a cleaning and dyeing and tailor shop, and he said yes. This is all of the evidence of defendant's alleged fraud. In my opinion, it is wholly insufficient to sustain the charge of fraud.

The testimony amply justifies the inference that the affirmative answer by defendant's agent was a mere expression of his opinion. Plaintiff testified that after he received the notice of violation on the premises from the Tenement House Department he spoke to the agent about it, who then told him, " Never mind, we had that trouble before and we will straighten it out." Evidently the agent was speaking of a previous experience. He probably did feel that the matter of the violation could be adjusted. Plaintiff knew there had been a tailor shop in the premises in 1927. In any event, there is nothing to show that the agent fraudulently induced the plaintiff to take the lease.

The motion for a reargument is granted, and, upon such reargument, the motion to award judgment in favor of the plaintiff in the sum of $1,984 is denied, with ten dollars costs.